NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANETIRONY CLERVRAIN,**

*Plaintiff-Appellant*

**v.**

**CONNIE LAWSON, MATT HURRELL, Director of the Bureau of Prisons, TODD YOUNG, United States Senator for Indiana,**

*Defendants-Appellees*

---

2022-1483

---

Appeal from the United States District Court for the Southern District of Indiana in No. 1:20-cv-01306-JMS-DML, Judge Jane Magnus-Stinson.

---

PER CURIAM.

## O R D E R

Manetirony Clervrain brought this suit in federal district court in Indiana naming government officials as defendants.  In December 2020, the court dismissed his complaint as frivolous.  In March and June 2021, the district court denied post-judgment motions.  The court also imposed a filing injunction.  On July 4, 2021, Mr. Clervrain filed an appeal that was transmitted to the United States Court of Appeals for the Seventh Circuit.  On July 15, 2021,

the district court denied Mr. Clervrain's motion for leave to waive the docketing fee for his appeal. The appeal was eventually dismissed on February 2, 2022, after Mr. Clervrain failed to pay the fee.

While his first appeal was pending, Mr. Clervrain continued to file submissions at the district court. On August 20, 2021, the district court ordered various submissions returned to Mr. Clervrain unfiled. On February 15, 2022, Mr. Clervrain filed a second notice of appeal referencing this court. On the same day, he again moved for leave to waive the docketing fee. On March 1, 2022, the district court denied the motion, concluding that this appeal was not taken in good faith.

Although this court has jurisdiction over appeals from certain decisions of federal district courts, *see* 28 U.S.C. § 1295(a), that jurisdiction is limited in a way that appears to apply here: This court may only hear appeals in certain cases stemming from proceedings before the United States Patent and Trademark Office, *see* 28 U.S.C. § 1295(a)(4)(C); civil actions arising under the patent laws, *see* § 1295(a)(1); and cases where the district court's jurisdiction was based in part or in whole on the Little Tucker Act, 28 U.S.C. § 1346(a)(2), *see* § 1295(a)(2). Mr. Clervrain's complaint, which is difficult to decipher, does not appear to raise any cause of action that would give rise to our limited jurisdiction.

While this court can, under 28 U.S.C. § 1631, transfer an appeal to another court in which the appeal could have been brought at the time it was filed, the Seventh Circuit would likewise lack jurisdiction. The timely filing of a notice of appeal in a civil action is a "jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). An appeal from a final judgment or order in a civil action must be filed within 60 days if the case involves the United States or one of its agencies or officers in an official capacity. *See* 28 U.S.C. § 2107(b); *see also* Fed. R. App. P.

4(a)(1)(B). The district court did not issue any order within 60 days of receipt of the second notice of appeal at issue here. Mr. Clervrain's attempt to appeal is thus clearly untimely.

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed.

(2) Any pending motion is denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

April 1, 2022                          /s/ Peter R. Marksteiner
    Date                               Peter R. Marksteiner
                                       Clerk of Court